UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TKAI GREEN,

                          Plaintiff,

          -against-

CITY OF NEW YORK, et al.,

                        Defendants.

-----------------------------------------------------------x

10 Civ. 8214 (PKC)

MEMORANDUM
AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-7-11

P. KEVIN CASTEL, District Judge:

        Defendants the City of New York and certain of the named employees of the New York City Department of Corrections ("DOC") move to disqualify plaintiff's counsel, Gabriel P. Harvis and Afsaan Saleem of Harvis & Saleem LLP, from further representation of plaintiff in this action. For the reasons set forth below and more fully expanded upon in my bench ruling of June 3, 2011, the motion to disqualify is granted.

        While employed as Assistant Corporation Counsel in the New York City Law Department, Harvis and Saleem substantially and personally represented the City of New York and certain DOC employees in class action litigation concerning the lawfulness of strip-searches conducted of pretrial detainees in DOC facilities. See McBean v. City of New York, 02 Civ. 5426 (JGK)(THK). Now in private practice, Messrs. Harvis and Saleem have filed suit on behalf of plaintiff Tkai Green against the City of New York and certain DOC employees pursuant to 42 U.S.C. § 1983 for damages resulting from an allegedly unlawful strip-search of plaintiff in her cell at the Rose M. Singer Center in Rikers Island. The Complaint includes a Monell-type claim against the City of New York. See Monell v. Dep't of Soc. Sec. of the City of New York, 436

U.S. 658 (1978). The Complaint alleges that "[f]or decades, through Department reports and civil litigation, DOC has been aware of the routine, unconstitutional use of strip-searches by staff at individual facilities in the large multi-jail New York City Department of Correction." (Compl. ¶ 19.) A footnote in the body of the Complaint expressly cites the McBean case and another strip-search case in which Mr. Saleem was counsel for the defendants, Williams v. City of New York, 07 Civ. 11046 (PKC)(DF).

After the filing of the motion to disqualify, plaintiff sought leave to amend the Complaint to drop the Monell claim. (Docket # 12.) This Court has deferred ruling on that application. The request for leave to amend, however, highlights the plaintiff's attorneys' professional quandary. See N.Y. Rules of Professional Conduct ("N.Y. Rules"), Rule 1.7(a), codified at 22 N.Y.C.R.R. § 1200.0 ("Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own . . . personal interests."). See also id. at Comment 9 (identifying responsibilities to former clients as a conflicting interest). The decision to pursue or forgo a Monell-type claim ought to be made by Ms. Green, the client, with full awareness of the material risks and available alternatives.

Regardless of the existence of a Monell-type claim, there is a substantial risk that confidential information acquired by Messrs. Harvis and Saleem in their work defending a broad-scale claim attacking the lawfulness of the City's strip-search policies at DOC facilities would be used in the course of the representation of Ms. Green in the present action.

In a recent Memorandum and Order, this Court had occasion to review the inherent power of the Court to disqualify counsel to preserve the integrity of the process, the

2

legal standards in this Circuit governing a motion to disqualify counsel based upon a prior representation, the high standard of proof imposed on the party seeking disqualification, a client's right to freely choose counsel and the risk that a disqualification motion can be used as a tactical device. See Emp'rs Ins. Co. of Wausau v. Munich Reinsurance Am., Inc., 10 Civ. 3558 (PKC), 2011 WL 1873123, (S.D.N.Y. May 16, 2011). It is not necessary to repeat that discussion here.

Rule 1.11, N.Y. Rules, addresses conflicts arising from prior government representation. It provides in relevant part:

> (a) Except as law may otherwise expressly provide, a lawyer who has formerly served as a public officer or employee of the government: (1) shall comply with Rule 1.9(c); and (2) shall not represent a client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency gives its informed consent, confirmed in writing, to the representation . . . ."

The Rule balances the interest of protecting confidential information acquired during government service with an interest in not unduly restricting the government's ability to attract the services of lawyers by an onerous disqualification rule. See N.Y. Rules, Rule 1.11, Comment 4. The N.Y. Rules draw important distinctions in assessing a successive conflict arising from prior government service as distinguished from a successive conflict arising from two private representations. Compare N.Y. Rules, Rule 1.9(a) (Duties to Former Clients) with N.Y. Rules, Rule 1.11 (Special Conflicts of Interest for Former and Current Government Officers and Employees). For example, the imputation rules of Rule 1.10, N.Y. Rules, do not apply to a circumstance arising under Rule 1.11, N.Y. Rules.

Under Rule 1.11, N.Y. Rules, the lawyer must have participated "personally and substantially" before a disqualifying conflict arises and the "matter" must have been the same

3

matter. The scope of a matter is an intensely fact-specific inquiry. See Rule 1.9, N.Y. Rules, Comment 2. While the same legal theory would not be sufficient to make two matters the same, the matters might be the same even though they pertain to different lawsuits with different parties. The question turns on the scope of the lawyer's work on the first matter, which may or may not have extended beyond the four-corners of the then pending action. It is relevant whether the lawyer merely gathered and produced documents, responded to pleadings and attended court conferences or, rather, served as counselor and advisor on the broad subject at hand.

Here, the lawyers acquired confidential information on how strip-searches of detainees and others work in actual practice.[1] In the prior governmental representation the lawyers reviewed training materials and policy statements that may become central in the present case. The Court has no doubt that the two lawyers were not the most senior advisors to the DOC Commissioner and that they were relatively junior during their government service. Nevertheless, they attended discussions with the DOC Commissioner and Chief of Staff on risk management. They visited and conferred with individuals employed by DOC before those individuals met with opposing counsel, presumably guiding and reminding them about what to say and do. Based on the foregoing, the Court concludes that the scope of the representation in the first matter included advice on subjects highly relevant to the second matter. For the purpose of Rule 1.11, N.Y. Rules, the matters are the same.

This case is factually distinguishable from then District Judge Lynch's ruling denying a motion to disqualify a former assistant corporation counsel in McBean v. City of New York, 02 Civ. 5426 (GEL), 2003 WL 21277115 (S.D.N.Y. June 3, 2003). In that case, in one of

---

[1] The two lawyers concede that they had access to confidential information in the course of their work on McBean but state in conclusory fashion that the information does not bear on the present case.

the two prior actions during government service, the lawyer did not have substantial involvement. In the second action, the lawyer had earlier defended a policy that was under attack in McBean, but the action settled after minimal discovery and there was no indication that the lawyer had a role in reviewing training or policy materials or meeting with high level officials.

CONCLUSION

For reasons discussed above and more fully expanded upon in the bench ruling of June 3, 2011, the motion to disqualify (Docket # 7) is GRANTED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 6, 2011